UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-21073-BLOOM/Reid

GADDIEL DAVID PEREZ,

    Plaintiff,

v.

OFAC, and U.S. TREASURY DEPT.,

    Defendants.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon Plaintiff Gaddiel David Perez's ("Plaintiff") Complaint, ECF No. [1], and Motion for Leave to Proceed *in forma pauperis* ("Motion"), ECF No. [3].[1] Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Moreover, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to dismiss a case. *Id.* The Court has reviewed the Complaint, the Motion, the record, and is otherwise fully advised. For the reasons stated below, the Complaint is dismissed without prejudice.

---

[1] This matter was reassigned pursuant to the Court's Order Reopening Case and for Reassignment. ECF No. [5]. In accordance with the Order, and Plaintiff's decision to opt out of the magistrate judge assignment, the Court vacates its prior Order dismissing Plaintiff's case. *See* ECF No. [4].

Case No. 25-cv-21073-BLOOM/Reid

In order to state a claim, a pleading in a civil action must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] show[] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Although not entirely legible, the Complaint alleges that Plaintiff was forced to deliver his home and business in 1983. ECF No. [1]. Further, Plaintiff seeks $5,000,000.00 under the Helms Burton Act. *Id.* The Helms-Burton Act provides a right of action against "any person that . . . traffics in property which was confiscated by the Cuban Government on or after January 1, 1959[.]" 22 U.S.C. § 6082(a)(1)(A). "[A]ny United States national who owns the claim to such property" may pursue an action against those who traffic in the confiscated property. *Id.* To state a claim under the Helms-Burton Act, a plaintiff must allege that "(1) the Cuban government confiscated the plaintiff's property after January 1, 1959; (2) the defendant trafficked in the confiscated property after the effective date of the Act; (3) the plaintiff is a United States national; and (4) the plaintiff owns a claim to the confiscated property." *Fernandez v. CMA CGM S.A.*, 683 F. Supp. 3d 1309, 1319 (citing *Garcia-Bengochea v. Carnival Corp.*, 57 F.4th 916, 930 (11th Cir. 2023)).

2

However, here, Plaintiff fails to allege any of the requisite elements. Indeed, the Complaint is devoid of any allegations regarding where Plaintiff's stolen property is located and who stole Plaintiff's property. *See* ECF No. [1]. Plaintiff names "OFAC" and "U.S. Treasury Dept.," as Defendants but does not allege that Defendants trafficked in Plaintiff's property. *See id.* Therefore, the Court finds that Plaintiff fails to state a claim on which relief may be granted. *See Twombly*, 550 U.S. at 570 (stating that a complaint must include "enough facts to state a claim for relief that is plausible on its face").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Court's Order, **ECF No. [4]**, is **VACATED**.

2. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an Amended Complaint in accordance with this Court's Order, **no later than September 2, 2025**. The failure to file an Amended Complaint or show cause by September 2, 2025, will result in dismissal of this case without prejudice and without further notice.

3. The Clerk shall **ADMINISTRATIVELY CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 12, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record